■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. WALDEN, Appellant. [653 NYS2d 875] —Judgment affirmed. Memorandum: On appeal from a judgment convicting him of sexual abuse in the first and second degrees and endangering the welfare of a child, defendant contends that the verdict is not supported by sufficient evidence and is against the weight of the evidence; that he was entitled to inspect, as discovery or *Brady* material, Department of Social Services (DSS) records generated in response to a report of sexual abuse; and that County Court improperly received into evidence defendant's admission, in a parallel Family Court proceeding, to engaging in improper sexual contact with the victim.

The verdict is supported by sufficient evidence on the elements of forcible compulsion (*see,* Penal Law § 130.65 [1]) and injury (*see,* Penal Law § 260.10 [1]) and is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defense counsel acquiesced in the procedure in which the County Attorney turned over the DSS file to the court for its in camera review and determination whether the file contained relevant material to be turned over to defense counsel. We construe the silent record as an indication that the court complied with the procedure agreed to by defense counsel. In any event, defendant's right to discovery in the criminal proceeding is governed not by the Social Services Law, but by CPL article 240, which does not provide for discovery of the DSS file. Nor can we conclude on this record that the DSS file was *Brady* material. Defendant failed to show that there was material exculpatory evidence in the possession or control of the People, that the People failed to turn such evidence over to defendant, and that the use of such evidence at trial would have created a reasonable possibility of acquittal (*see, People v Vilardi,* 76 NY2d 67, 73-77).

Finally, the admission of guilt in the parallel Family Court proceeding was properly received into evidence against defendant (*see,* Prince, Richardson on Evidence §§ 8-201, 8-215 [Farrell 11th ed]).

All concur, Wesley, J., not participating. (Appeal from Judgment of Erie County Court, LaMendola, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.