[No. 22502-6-II.   Division Two.   September 10, 1999.]
THE STATE OF WASHINGTON, *Respondent*, v. CHARZETTE JANE WAGNER, *Appellant*.

---

*John Francis Hayden*, for appellant (appointed counsel for appeal).

*Christopher O. Shea, Prosecuting Attorney*, and *Rachel A. Brooks, Deputy*, for respondent.

MORGAN, J. — The question in this case is whether evidence showing that a driver failed to remain at the scene after running over a dead body is sufficient to support a conviction under RCW 46.52.020(1). The answer is no.

After dark on February 13, 1997, Ryan Jarmuth was riding a bicycle without lights on a road near Sequim. He was struck and killed instantly by Jim Williams, who was driving a car without lights. Jarmuth's body came to rest in the traveled portion of the roadway.

Williams did not stop to help,[1] but other drivers did. They saw Wagner's car approaching and tried unsuccessfully to flag it down. Wagner's car ran over Jarmuth's dead body, then continued on without stopping.

The State charged Wagner with failing to remain at the scene of an accident in violation of RCW 46.52.020(1). RCW 46.52.020(1) provides that:

> [a] driver of any vehicle involved in an accident resulting in the injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to, and in every event remain at, the scene of such accident until he has fulfilled the requirements of subsection (3) of this section . . . .[2]

RCW 46.52.020(4) provides that a driver who violates RCW 46.52.020(1) is guilty of a Class C felony.

Before trial, Wagner moved to dismiss the failure-to-remain charge as a matter of law. She reasoned that even though she had run over a dead body, she had not been involved in an accident resulting in injury to, or the death of, a person. The trial court denied the motion.

---

[1]Williams later returned to the scene voluntarily.

[2]Subsection (3) provides that:

[T]he driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person or damage to other property shall give his name, address, insurance company, insurance policy number, and vehicle license number and shall exhibit his vehicle driver's license to any person struck or injured or the driver or any occupant of, or any person attending, any such vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person or on his behalf.

At trial, Wagner raised her motion again, and the trial court denied it again. The jury convicted on both counts, and Wagner filed this appeal.

Preliminarily, these facts disclose two accidents. One involved Williams, while the other involved Wagner. We are concerned only with the one that involved Wagner.

■ The State does not contend that the accident involving Wagner resulted in Jarmuth's death, or in the death of any other person. It acknowledges that Jarmuth was already dead when the accident involving Wagner occurred.

The State does contend that the accident involving Wagner resulted in injury to Jarmuth's dead body; that a dead body is a person within the meaning of the statute; and thus that the accident involving Wagner resulted in injury to a person. Wagner responds by citing the rule of lenity and various statutes.

We begin by examining RCW 46.52.020(1) itself. In stating that "[a] driver of any vehicle involved in an accident resulting in the injury to or death of any person shall immediately stop . . . and in every event remain," it uses the word "person" twice—once, expressly, in connection with death, and a second time, impliedly if not expressly, in connection with injury. It states expressly that the accidents to which it applies are those "resulting in the injury to or death of any person." When words that the quoted phrase at least implies are added back in, the phrase states that the accidents to which RCW 46.52.020(1) applies are those resulting in injury *to any person* or the death *of any person*.

■ When the legislature spoke of accidents resulting in the death of any person, it could not have intended that the word "person" include a dead body; if it had, it would have been speaking of the death of a dead body, and that is nonsensical. When the legislature employs the same word two or more times in the same statute—and especially, twice in the same sentence of the same statute—we gener-

ally presume that it intended the same meaning each time.[3] Here, then, we think that the legislature intended the word "person" to have the same meaning for injury as for death; that it obviously did not intend the word "person" to include a dead body in connection with death; and that it likewise did not intend the word "person" to include a dead body in connection with injury.

■ This result is confirmed by the rule of lenity. That rule requires us to construe an ambiguous criminal statute favorably to the accused,[4] and RCW 46.52.020(1) is at least ambiguous with respect to the driver who runs over a dead body.

Our result is further confirmed by RCW 46.04.405, one of the statutes that Wagner cites. Applicable throughout Title 46 RCW,[5] RCW 46.04.405 states that the word "person" "include[s] every natural person." Though certainly not dispositive, it implies by omission, particularly in light of the rule of lenity, that the word "person" does not include a dead body.

Our result is lastly confirmed by the other statutes that Wagner cites. Like RCW 46.04.405, RCW 9A.04.110(17) states that the word "person" "include[s] any natural person." Chapter 9A.44 RCW distinguishes sexual intercourse with a "person" from sexual intercourse with a "dead human body."[6] RCW 68.04.020 defines "human remains" not as a person, but as "the body of a deceased person." None of these applies directly to Title 46 RCW, but together they tend to show that the legislature often has not intended the word "person" to include a dead body.

---

[3]*Timberline Air Serv., Inc. v. Bell Helicopter-Textron, Inc.*, 125 Wn.2d 305, 313, 884 P.2d 920 (1994); *State v. Hutsell*, 120 Wn.2d 913, 920, 845 P.2d 1325 (1993); *cf. Cowles Publ'g Co. v. State Patrol*, 109 Wn.2d 712, 722, 748 P.2d 597 (1988) (similar words used in different parts of the same statute presumed to have same meaning throughout).

[4]*In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 249-50, 955 P.2d 798 (1998); *State v. Roberts*, 117 Wn.2d 576, 586, 817 P.2d 855 (1991).

[5]RCW 46.04.010.

[6]*Compare* RCW 9A.44.040, .050, and .060 *with* RCW 9A.44.105.

In conclusion, RCW 46.52.020(1) makes a driver guilty of a Class C felony if he or she fails to remain at the scene of an accident that results in injury to, or the death of, a living person. It does not make a driver guilty of a Class C felony if he or she fails to remain at the scene of an accident that results in injury to a dead body. Here then, the evidence is insufficient to support the conviction, and the conviction must be reversed.[7]

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

BRIDGEWATER, C.J., and SEINFELD, J., concur.

---

[7]We reject as meritless the State's argument that "whether Ryan Jarmuth's body was a 'person' was a question for the jury." Br. of Resp't at 12. We do not consider whether Jarmuth's body was "other property" within the meaning of RCW 46.52.020(2), because neither party asks us to.