■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH E. NEIL, Appellant. [805 NYS2d 193]—

Rose, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered May 18, 2004, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a six-count indictment charging him with various drug-related crimes, defendant pleaded guilty in March 2004 to criminal sale of a controlled substance in the third degree. Defendant was thereafter sentenced in accordance with the negotiated plea agreement to a term of imprisonment of 2 to 6 years.

On this appeal, defendant initially argues that the police exceeded their authority by conducting an investigation outside of their jurisdictional territory. We disagree. While it is true that the evidence was obtained outside the geographical limits of the police officers' jurisdiction, they did not make an investigatory stop or arrest at the time. Accordingly, they did not violate the bounds of their authority (*see People v Mitchell,* 283 AD2d 769, 771 [2001], *lv denied* 97 NY2d 642 [2001]).

Nor are we persuaded that oral statements made by defendant to the police in his own home should have been suppressed due to the failure of the police to advise defendant of his *Miranda* rights. The record does not reflect that defendant was

the subject of a custodial interrogation and, accordingly, he was not entitled to receive *Miranda* warnings. The mere fact that he was a suspect at the time of the questioning does not render the interrogation custodial (*see People v Goodrich,* 126 AD2d 835, 836 [1987], *lv denied* 69 NY2d 880 [1987]).

Finally, defendant contends that his sentence should be set aside as harsh and excessive because his physical disabilities are ill-suited to a prison environment. Inasmuch as his brief advises that he is presently out of prison on parole, however, this argument is moot. Were we to review this agreed-upon sentence in any event, we would find defendant's argument to be lacking in merit (*see People v Calkins,* 6 AD3d 744, 746 [2004], *lv denied* 3 NY3d 671 [2004]; *People v Elhadi,* 304 AD2d 982, 984 [2003], *lv denied* 100 NY2d 580 [2003]).

Crew III, J.P., Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.