■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN HAREWOOD, Appellant. [824 NYS2d 527]—Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered January 30, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and attempted robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and two counts of attempted robbery in the first degree (§§ 110.00, 160.15 [2], [4]). Contrary to defendant's contention, the rulings by County Court on vari-

ous issues did not in effect allow the People to change their theory of the case during trial (*cf. People v Roberts*, 72 NY2d 489, 497 [1988]; *People v Orso*, 270 AD2d 947, 948 [2000], *lv denied* 95 NY2d 856 [2000]; *People v Fata*, 184 AD2d 206 [1992], *lv denied* 80 NY2d 974 [1992]; *People v Powell*, 153 AD2d 54 [1989], *lv denied* 75 NY2d 969 [1990]). Also contrary to defendant's contentions, the evidence is legally sufficient to support the conviction, and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the further contention of defendant that the statements of an accomplice were not declarations against penal interest and thus were improperly admitted at trial (*see generally People v Brensic*, 70 NY2d 9, 15-16 [1987], *mot to amend remittitur granted* 70 NY2d 722 [1987]; *People v Settles*, 46 NY2d 154, 167 [1978]). We also reject his contention that his statements to the police were not sufficiently corroborated (*see generally* CPL 60.50; *People v Chico*, 90 NY2d 585, 589-590 [1997]; *People v Daniels*, 37 NY2d 624, 629 [1975]).

Defendant failed to preserve for our review his challenge to the court's jury instructions (*see People v Ponder*, 19 AD3d 1041, 1042-1043 [2005], *lv denied* 5 NY3d 809 [2005]; *People v Halberg*, 254 AD2d 808 [1998]; *see also People v Swail*, 19 AD3d 1013 [2005], *lv denied* 6 NY3d 759, 853 [2005]), nor did he preserve for our review his challenge to the court's failure to grant a mistrial after striking the testimony of two witnesses (*see People v Pross*, 302 AD2d 895, 897 [2003], *lv denied* 99 NY2d 657 [2003]). We decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ.