■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. SMIELECKI, Appellant. [908 NYS2d 485]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 22, 2008. The judgment

convicted defendant, upon a jury verdict, of assault in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [9]) and endangering the welfare of a child (§ 260.10 [1]), arising out of an incident in which he fractured the arm of his girlfriend's three-week-old daughter. We reject the contention of defendant that Supreme Court erred in refusing to suppress the statements that he made to the police before he was advised of his *Miranda* rights. Although defendant was at the police station when the statements were made, he was not in custody at that time, and the questioning was investigatory rather than accusatory in nature (*see People v Nunez*, 51 AD3d 1398, 1400 [2008], *lv denied* 11 NY3d 792 [2008]). The mere fact that the police may have suspected defendant of having caused the child's injuries prior to questioning him at the station does not compel a finding that defendant was in custody (*see People v Neil*, 24 AD3d 893 [2005]). In our view, a reasonable person, innocent of any crime, would not have thought he or she was in custody if placed in defendant's position (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Lunderman*, 19 AD3d 1067, 1068 [2005], *lv denied* 5 NY3d 830 [2005]).

Contrary to the further contention of defendant, his "admission of guilt in the parallel Family Court proceeding was properly received in[ ] evidence against [him]" (*People v Walden*, 236 AD2d 779, 779 [1997], *lv denied* 90 NY2d 865 [1997]; *see* Prince, Richardson on Evidence §§ 8-201, 8-215 [Farrell 11th ed]). Counsel for the petitioner in the Family Court proceeding outlined the evidence against defendant, who, upon questioning by the court, indicated that he would not be able to dispute the allegations. Defendant was represented by counsel at that time, and he indicated that he understood that his failure to dispute the evidence against him would be tantamount to an admission.

We also reject the contention of defendant that the admissions he made to the police were not sufficiently corroborated (*see* CPL 60.50; *People v Harewood*, 34 AD3d 1254, 1255 [2006], *lv denied* 8 NY3d 846 [2007]). The medical evidence of the child's injuries provided sufficient assurance that defendant had not admitted to crimes where no crime had been committed (*see People v Chico*, 90 NY2d 585, 589-590 [1997]). In addition, defendant's admissions were sufficiently corroborated by the testimony of the child's mother, who left the child alone with

defendant so that she could take a shower. According to the mother, the child appeared to be fine when she got in the shower. When she got out of the shower, however, the child was screaming and crying. Defendant, who was also crying, explained that something was wrong with the child's arm, which was limp. The mother's testimony satisfies the minimal corroboration requirement of CPL 60.50 that some "additional proof that the offense[s] charged [have] been committed" (*see People v Lipsky*, 57 NY2d 560, 571 [1982], *rearg denied* 58 NY2d 824 [1983]; *People v Lyons*, 4 AD3d 549, 553 [2004]). Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.