# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

713

KA 11-01385

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TYROME ELDER, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered June 21, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]), criminal possession of a weapon in the second degree (§ 265.03 [3]), criminal use of a firearm in the second degree (§ 265.08 [2]), and two counts of attempted robbery in the first degree (§§ 110.00, 160.15 [3], [4]). Defendant failed to preserve for our review his contention that County Court erred in failing to charge the jury that a prosecution witness was an accomplice to certain of the crimes as a matter of law and that his testimony therefore required corroboration (*see People v Taylor*, 57 AD3d 1518, 1518, *lv denied* 12 NY3d 822; *People v Smith-Merced*, 50 AD3d 259, 259, *lv denied* 10 NY3d 939). In any event, even assuming, arguendo, that the prosecution witness was an accomplice as a matter of law, we conclude that his testimony was sufficiently corroborated by, inter alia, defendant's admissions to another individual who was not involved in the crimes (*see People v Taylor*, 87 AD3d 1330, 1331, *lv denied* 17 NY3d 956). We likewise reject defendant's further contention that he was denied effective assistance of counsel based on his attorney's failure to request that charge, inasmuch as it is well settled that an attorney's "failure to 'make a motion or argument that has little or no chance of success' " does not amount to ineffective assistance (*People v Caban*, 5 NY3d 143, 152).

We also reject defendant's contention that the court erred in admitting as a dying declaration exception to the hearsay rule the testimony of a prosecution witness that, after being shot in the inner thigh, the victim stated, "I got robbed" and "I got shot."  The People presented evidence establishing that, when the witness arrived at the scene, the victim was bleeding heavily from a femoral artery wound, his clothes were soaked in blood from the waist down, and he was inhaling and exhaling very hard.  The victim stated to the witness, "I'm gonna die, I'm gonna die"; he then became totally unresponsive and, shortly thereafter, he died.  Thus, we conclude that the court properly determined that the victim's statements were made with "a sense of impending death, with no hope of recovery" (*People v Nieves*, 67 NY2d 125, 132; *see also People v Walsh*, 222 AD2d 735, 737, *lv denied* 88 NY2d 855).

We reject the further contention of defendant that his admissions to other individuals were not sufficiently corroborated (*see* CPL 60.50; *People v Smielecki*, 77 AD3d 1420, 1421-1422, *lv denied* 15 NY3d 956).  The testimony of the Medical Examiner that the victim died from a gunshot wound and the victim's statements that he was "shot" and "robbed" satisfy the minimal corroboration requirement of CPL 60.50 that some "additional proof that the offense[s] charged [have] been committed" be presented (*see People v Lipsky*, 57 NY2d 560, 571, *rearg denied* 58 NY2d 824; *Smielecki*, 77 AD3d at 1422).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the second degree inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' at the alleged error[s]" asserted on appeal (*People v Gray*, 86 NY2d 10, 19).  We reject defendant's contention that the evidence is legally insufficient to support the conviction of the remaining crimes inasmuch as there is a "valid line of reasoning and permissible inferences" to lead reasonable persons to the conclusion reached by the jury based on the evidence presented at trial (*People v Bleakley*, 69 NY2d 490, 495).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), and giving the appropriate deference to the jury's credibility determinations (*see People v Hill*, 74 AD3d 1782, 1782-1783, *lv denied* 15 NY3d 805), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Finally, we have examined defendant's remaining contention and conclude that it lacks merit.

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court