OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
After a nonjury trial, defendant was convicted of leaving the scene of an incident without reporting, in violation of Vehicle and Traffic Law § 600 (2) (a), which provides, in pertinent part, that
“[a]ny person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop [and] exhibit his or her license and insurance identification card for such vehicle.”
In this case, a motorcyclist, proceeding northbound on the Saw *45 Mill River Parkway in Westchester County, lost control of his vehicle, and collided with a stanchion. As a result, he was catapulted into the air and landed on the pavement of the southbound Saw Mill River Parkway. Shortly thereafter, the motorcyclist’s body was struck and run over by defendant’s vehicle, and then by a second, unidentified motorist. Both drivers stopped but left without exhibiting their licenses or insurance identification cards. The driver of the second vehicle was never apprehended.
The motorcyclist died as a result of his injuries. After performing an autopsy, the Acting Chief Westchester County Medical Examiner determined that the motorcyclist had died as a result of blunt force trauma, but was unable to determine whether the death had occurred when the motorcyclist had collided with the stanchion, when he had landed on the pavement, when he had been struck by defendant, when he had been struck by the unidentified second motorist, or by a combination thereof. On appeal, defendant asserts, among other things, that his guilt was not proved beyond a reasonable doubt and that the verdict of guilt was against the weight of the evidence because the People failed to establish that the motorcyclist was alive when he was struck by defendant’s vehicle, which, defendant claims, is a necessary element of the offense.
In determining whether a defendant’s guilt is supported by legally sufficient evidence, the facts must be viewed in a light most favorable to the prosecution (People v Contes, 60 NY2d 620 [1983]). A verdict is legally sufficient where there is a valid line of reasoning and permissible inferences from which a rational trier of fact could have determined that the elements of the offense were proved beyond a reasonable doubt. In other words, proof is legally sufficient when, “as a matter of law,” a trier of fact “could logically conclude that the People sustained its burden of proof” (People v Danielson, 9 NY3d 342, 349 [2007]). Here, there is a valid line of reasoning and permissible inferences from which a rational trier of fact could have determined that defendant’s guilt was proved beyond a reasonable doubt.
Contrary to defendant’s contention, Vehicle and Traffic Law § 600 (2) (a) does not require that the People establish beyond a reasonable doubt that the injured person was alive before contact with the vehicle operated by the defendant (see CJI2d[NY] Vehicle and Traffic Law § 600 [2], Leaving Scene of an Incident without Reporting [B Misdemeanor/A Misdemean- *46 or]; cf. Barton v State, 936 NE2d 842 [Ind Ct App 2010]; State v Wagner, 97 Wash App 344, 984 P2d 425 [1999] [prosecution conceded that body in the road was dead prior to being struck by the defendant’s vehicle]; Wash Rev Code § 46.52.020 [1]).
Vehicle and Traffic Law § 600 (2) (a) requires that the People prove that the defendant “at least had cause to know that he had hit a person” (People v Lewis, 162 AD2d 760, 764 [1990]). We find that the term “cause to know” means that a driver is criminally liable if he or she leaves the scene of an accident and actually knew of the injury or should have reasonably anticipated that, under the circumstances, the accident would have resulted in an injury (see People v Hakala, 270 App Div 612, 614 [1946]; compare Sandwich v District of Columbia, 21 A3d 997, 1000 [DC 2011]; Barton v State, 936 NE2d at 849; McCown v State, 192 SW3d 158, 163 [Tex App 2006]; State v Mancuso, 652 So 2d 370, 372 [Fla 1995]; People v Holford, 63 Cal 2d 74, 80, 45 Cal Rptr 167, 171 [1965]). Under the facts and circumstances of this case, the People established beyond a reasonable doubt that defendant “ha[d] cause to know that personal injury” had been caused to the motorcyclist, and that the act of striking the body with his vehicle while driving southbound on the Saw Mill River Parkway was of such a nature that he should have reasonably anticipated that it would have resulted in injury to the motorcyclist. The fact that the Medical Examiner could not conclusively determine the event or events that caused the motorcyclist’s death does not warrant reversal of defendant’s conviction. Accordingly, defendant’s guilt of leaving the scene of an incident without reporting was established beyond a reasonable doubt.
Weight of the evidence review requires an appellate court to conduct an independent review of the evidence, and determine whether an acquittal would not have been unreasonable (People v Danielson, 9 NY3d at 348).
“If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the [trier of fact] was justified in finding the defendant guilty beyond a reasonable doubt” (People v Danielson, 9 NY3d at 348; see People v Romero, 7 NY3d 633, 642-644 [2006]).
Upon the exercise of our factual review power, we are satisfied *47 that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d at 349).
Defendant left his car and looked at the body on the road prior to leaving the scene of the incident. A witness to the accident told defendant that he had hit a man. Thus, defendant knew the motorcyclist was injured. Moreover, the nature of the accident provided defendant with cause to know that the motorcyclist had been injured at the time defendant’s vehicle struck him. Accordingly, an acquittal would have been unreasonable. Thus, the verdict of guilt was not against the weight of the evidence.
The Justice Court correctly denied defendant’s pretrial motion to dismiss the accusatory instrument on the ground that he had been denied his statutory and constitutional rights to a speedy trial. Defendant concedes that a period of 56 days should not be charged to the People as that period encompassed an adjournment on consent (see CPL 30.30 [4] [b]; People v Worley, 66 NY2d 523 [1985]). In addition, at a court appearance on August 24, 2009, defendant’s counsel explicitly agreed that the period between August 24 and October 5, 2009, would be chargeable to the People, and the period from October 6 through November 2, 2009, consisting of 27 days, would be chargeable to defendant on consent. Counsel’s consent was “clearly expressed to relieve the People of the responsibility for that portion of the delay” (People v Smith, 82 NY2d 676, 678 [1993]; see People v Liotta, 79 NY2d 841 [1992]; People v Sawh, 58 AD3d 760, 761 [2009]; People v Matthews, 227 AD2d 313, 313-314 [1996]; People v Allen, 9 Misc 3d 135[A], 2005 NY Slip Op 51681[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]; cf. People v Nunez, 47 AD3d 545, 546 [2008]). Furthermore, an additional 14 days of delay, from November 2, 2009 until November 16, 2009, are not chargeable to the People. Contrary to defendant’s contention, the record indicates that a court proceeding was conducted on November 2, 2009, at which defendant’s counsel was not present (see CPL 30.30 [4] [f]; People v Bahadur, 41 AD3d 239, 239-240 [2007]; People v Brown, 23 AD3d 703, 705 [2005]; People v Reed, 19 AD3d 312, 317-318 [2005]; People v Clark, 11 AD3d 706 [2004]; People v Cook, 30 Misc 3d 134[A], 2011 NY Slip Op 50084[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Based on the periods that were not chargeable to the People, the People were ready for trial within the required 183-day period, which the parties agree applies in this case (see CPL 30.30 [1] [a], [b]; [5] [c], [d]; People v Cooper, 98 NY2d 541 [2002]; People v Pope, 96 AD3d 1231, 1232 [2012]).
*48 Defendant’s claim that his constitutional right to a speedy-trial was violated is unpreserved for review as his motion in the Justice Court failed to address the factors to be evaluated on such a claim (see CPL 30.20; People v Taranovich, 37 NY2d 442, 445 [1975]; People v Mendez, 259 AD2d 361, 362 [1999]). In any event, defendant’s constitutional right to a speedy trial was not violated.
Defendant’s contention that a written statement he provided to police detectives should have been suppressed, because the detectives considered him the “prime suspect” in this case, and, therefore, he was in custody when he provided the statement, is without merit (see People v Smielecki, 77 AD3d 1420, 1421 [2010]; People v Neil, 24 AD3d 893, 894 [2005]). Defendant was not in custody when he provided the statement to the detectives at his home. He was not restrained or handcuffed. He was not arrested or charged after providing the statement, and the meeting at his home lasted only approximately 90 minutes. In any event, the detectives advised defendant of his Miranda rights before he provided the statement (see Miranda v Arizona, 384 US 436 [1966]; People v Paulman, 5 NY3d 122, 129 [2005]; People v Yukl, 25 NY2d 585, 589 [1969]; People v Cuyler, 95 AD3d 900, 901 [2012]; People v Hook, 80 AD3d 881 [2011]; People v Hesterbay, 60 AD3d 564, 565 [2009]; People v Lunderman, 19 AD3d 1067, 1068-1069 [2005]). Even if defendant had been in custody, his contention that the statement should have been suppressed because he was unable to understand his Miranda rights and the waiver of presence of counsel, which were provided to him in English, is meritless. The record indicates that defendant “had a sufficient command of the English language to appreciate the import of the Miranda warnings” (People v Zadorozhnyi, 267 AD2d 263, 264 [1999]; see People v Madrid, 52 AD3d 530, 531 [2008]; People v Mora, 36 AD3d 1142, 1143 [2007]; People v Zuluaga, 148 AD2d 480, 481 [1989]; People v Tineo, 144 AD2d 507 [1988]).
Accordingly, the judgment of conviction is affirmed.
Tolbert, J.P, Nicolai and Iannacci, JJ., concur.