People v Parrado (2021 NY Slip Op 06867)





People v Parrado


2021 NY Slip Op 06867


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-07938
 (Ind. No. 7562/15)

[*1]The People of the State of New York, respondent,
v Leonaldo Parrado, appellant.


Patricia Pazner, New York, NY (Nao Terai of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Sullivan & Cromwell LLP [Trevor A. Chenoweth], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered May 16, 2018, convicting him of manslaughter in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the convictions of manslaughter in the first degree and criminal possession of a weapon in the second degree were not supported by legally sufficient evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to prove the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we find that the verdicts of guilt as to those crimes were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that defense counsel was ineffective because he failed to preserve the legal sufficiency claim is without merit. It is not error for defense counsel to have failed to make futile motions (see People v Caban, 5 NY3d 143,152).
The statements made by the decedent prior to his death were properly admitted into evidence at trial as dying declarations (see People v Elder, 108 AD3d 1117, 1117-1118). Further, that portion of the decedent's mother's 911 call where she repeated what the decedent had told her was admissible under the excited utterance exception to the hearsay rule (see People v Vasquez, 88 NY2d 561, 574).
The defendant's challenges to certain remarks made by the prosecutor during his opening statement and summation are unpreserved for appellate review (see CPL 470.05[2]), and, in any event, do not warrant reversal. His contention that the People improperly bolstered a [*2]witness's testimony with evidence of prior consistent statements is unpreserved for appellate review (see id.), and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court