People v Williams (2022 NY Slip Op 00443)





People v Williams


2022 NY Slip Op 00443


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2012-07663
 (Ind. No. 503/10)

[*1]The People of the State of New York, respondent,
v
Paul Williams, appellant.


Janet E. Sabel, New York, NY (Paul Wiener of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered July 25, 2012, convicting him of murder in the second degree, attempted murder in the second degree, and assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
At the trial, a witness testified that on September 14, 2009, the defendant, who had the nickname Essay, fired multiple gunshots from an assault rifle into a crowd in Far Rockaway. One man was shot in his leg, which was ultimately amputated, and another man, who was repeatedly shot in his torso, died from his injuries on September 21, 2009 (hereinafter the decedent). A police detective testified that while the decedent was in an ambulance at the scene of the shooting, he told the detective that "Essay did it." The People also elicited testimony that on September 15, 2009, while the decedent was in the intensive care unit of the hospital, the decedent made nonverbal statements that implicated the defendant as the shooter. The jury convicted the defendant of murder in the second degree, attempted murder in the second degree, and assault in the first degree.
Dying declarations are admissible in a criminal prosecution "for the death of the declarant," where "the statements concern the circumstances of his [or her] death," and "[are] spoken under a sense of impending death, with no hope of recovery" (People v Nieves, 67 NY2d 125, 132 n 3, 133; see People v Clay, 88 AD3d 14, 28). Here, the statement made by the decedent in the ambulance and his nonverbal statements in the hospital were properly admitted into evidence at trial as dying declarations (see People v Nieves, 67 NY2d at 132; People v Parrado, ____ AD3d ____, 2021 NY Slip Op 06867 [2d Dept]; People v Colon, 196 AD3d 1043; People v Clay, 88 AD3d 14, 29; People v Liccione, 63 AD2d 305, 317-318, affd, 50 NY2d 850; cf. People v Esteves, 152 AD2d 406, 412). Further, the statement in the ambulance was also admissible under the excited utterance exception to the hearsay rule (see People v Cotto, 92 NY2d 68, 78-79; People v Prashad, 297 AD2d 352; People v Armistead, 178 AD2d 607, 608).
Contrary to the defendant's contention, the People established by clear and convincing evidence that on August 22, 2009, the defendant was involved in a dice game at the same location as the charged crimes, which ended in a monetary dispute and an uncharged shooting (see People v Robinson, 68 NY2d 541, 544-545; People v Littlejohn, 112 AD3d 67, 75). This evidence was probative as to the defendant's motive and intent in the commission of the charged crimes, as well as his identity as the shooter in the charged crimes (see People v Beam, 57 NY2d 241, 252; People v Allweiss, 48 NY2d 40, 47; People v Hernandez, 186 AD3d 1246, 1247; People v [*2]Laverpool, 52 AD3d 622, 622). Moreover, inasmuch as the probative value of the evidence outweighed the risk of unfair prejudice to the defendant (see People v Till, 87 NY2d 835, 836; People v Carrasquillo, 10 AD3d 424), the Supreme Court's Molineux ruling was not an improvident exercise of discretion (see People v Molineux, 168 NY 264). In addition, the court's instructions to the jury on the proper use of that evidence alleviated any potential for prejudice resulting from its admission (see People v Hernandez, 186 AD3d at 1247; People v Barnes, 160 AD3d 890, 891).
The defendant's contention that his right to a fair trial was violated by certain remarks made by the prosecutor during her opening statement and on summation is unpreserved for appellate review, since the defendant failed to object to the remarks at issue and failed to make a timely motion for a mistrial or otherwise object on the specific grounds he now asserts on appeal (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Rodriguez, 199 AD3d 838, 840; People v Willis, 165 AD3d 984, 985). In any event, the prosecutor's opening statement adequately described what the People intended to prove and properly prepared the jury to resolve the factual issues at the trial (see People v Larios, 25 AD3d 569, 570; People v Etoria, 266 AD2d 559). Further, most of the challenged summation remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or permissible rhetorical comment (see People v Rodriguez, 175 AD3d 721, 722; People v Carter, 152 AD3d 786). To the extent that some of the challenged remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Reeves, 180 AD3d 936, 938).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court