[824 NE2d 499, 791 NYS2d 68]

The People of the State of New York, Respondent, v Victor T. Thomas, Appellant.

Argued January 13, 2005; decided February 15, 2005

**POINTS OF COUNSEL**

*Legal Aid Society,* Hempstead (*Christopher M. Cevasco, Kent V. Moston* and *Jeremy L. Goldberg* of counsel), for appellant. The Appellate Term erred in reinstating the superseding information that had been dismissed by trial court, as these instruments were jurisdictionally defective both facially and given the procedures employed in their filing. (*People v Casey,* 95 NY2d 354; *People v English,* 189 Misc 2d 230; *People v Rosa,* 169 Misc 2d 350; *People v Pratt,* 164 Misc 2d 498; *People v Cunningham,* 74 Misc 2d 631; *People v Harris,* 169 Misc 2d 51; *People v Morel,* 157 Misc 2d 94; *People v Barhan,* 147 Misc 2d 253; *People v Twine,* 121 Misc 2d 762; *People v Cibro Oceana Term. Corp.,* 148 Misc 2d 149.)

*Denis Dillon, District Attorney,* Mineola (*Lawrence J. Schwarz* and *Peter A. Weinstein* of counsel), for respondent. The intermediate appellate court acted correctly in reinstating the criminal charges against defendant; the prosecution is permitted to file successive informations. (*People v Douglass,* 60 NY2d 194; *People v Nuccio,* 78 NY2d 102; *People v Rodriguez,* 11 NY2d 279; *People v Leyra,* 1 NY2d 199; *People v Rosenthal,* 197 NY 394; *People v Lyons,* 178 AD2d 552; *People v Franco,* 86 NY2d 493; *People v Cade,* 74 NY2d 410; *People v Silverman,* 253 App Div 683, 278 NY 670; *People v Bowman,* 84 NY2d 923.)

**OPINION OF THE COURT**

GRAFFEO, J.

In this case we are asked to decide whether the People may file a new information that alleges additional facts or charges offenses that were not included in a previously filed information but stem from the same criminal transaction. We hold that the Criminal Procedure Law authorizes the filing of such an accusatory instrument.

In April 2002, police officers responded to a report of domestic violence at a residence in Nassau County. According to the People, the female victim informed the officers that defendant had assaulted her and she requested their assistance in removing him from the home. Defendant, however, refused to leave the premises. After purportedly threatening and hitting one of the officers in the leg with a bag, defendant was told that he was under arrest. Defendant allegedly responded by clenching his fists and moving toward the officer in a menacing fashion. The officer claimed that even after defendant was wrestled to the ground, he continued to resist being handcuffed.

As a result of this incident, defendant was charged in separate accusatory instruments (denominated as informations by the parties) with one count of third-degree assault, based on his attack of the complainant, and one count of resisting arrest. The victim, however, declined to pursue the assault charge. Faced with this lack of cooperation, two new informations were filed. The first—a superseding information—restated the charge of resisting arrest and elaborated on the facts by describing the threatening utterances made by defendant when he refused to leave the apartment, adding that defendant struck one of the officers in the leg with a "bag of property." The second—a successive information—charged a new crime, harassment in the second degree, based on defendant's conduct toward the police officer. This accusatory instrument also set forth defendant's verbal threat and actions, together with an allegation that defendant moved toward the officer in a "threatening manner" after being told that he was under arrest. District Court dismissed the original resisting arrest information as superseded and the assault information at the People's request.

Defendant then moved to dismiss the second set of informations, arguing that CPL 100.50 prohibited the People from charging harassment in the second degree since that crime was not charged in the original informations. Defendant also claimed

that the harassment and resisting arrest charges were defective because both accusatory instruments relied on new facts not set forth in the original informations, and the charges were not supported by nonhearsay factual allegations as required by CPL 100.40 (1) (c). District Court granted defendant's motion, dismissing the informations as defective under CPL 100.50. The court adhered to its determination on reargument.

The Appellate Term modified and reinstated the informations. The court concluded that the People were not prohibited from charging the new crime of harassment because the Criminal Procedure Law did not limit a prosecutor's ability to file more than one accusatory instrument in a criminal action, and the resisting arrest charge should not have been dismissed because the offense was based on conduct that was described in the original information. A Judge of this Court granted leave to appeal and we now affirm.

Defendant's challenge to the informations is premised primarily on CPL 100.50, the statute governing the use of two categories of accusatory instruments—superseding informations and superseding prosecutor's informations. In contrast to a misdemeanor complaint, which may contain hearsay allegations, an information or a prosecutor's information must be supported by nonhearsay allegations that establish every element of the offense charged (*see People v Casey*, 95 NY2d 354, 360 [2000]). The two types of informations are definitionally distinct: an information must set forth the required nonhearsay evidentiary allegations within "the four corners of the instrument itself" or in annexed supporting depositions, whereas a prosecutor's information must rely on some other source (e.g., a previously filed accusatory instrument) to establish every element of the charged offense (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 100.10, at 330; *compare* CPL 100.40 [1], *with* CPL 100.40 [3]).

According to defendant, CPL 100.50 requires the People to use only a prosecutor's information—not an information—to charge crimes that were not included in a previous information and, as such, additional factual allegations may not be included in a subsequent accusatory instrument. The plain language of the statute refutes defendant's assertion:

"1. If at any time before entry of a plea of guilty to or commencement of a trial of an information or a prosecutor's information, another information or, as

the case may be, another prosecutor's information is filed with the same local criminal court charging the defendant with an offense charged in the first instrument, the first such instrument is, with respect to such offense, superseded by the second and, upon the defendant's arraignment upon the latter, the count of the first instrument charging such offense must be dismissed by the court. The first instrument is not, however, superseded with respect to any count contained therein which charges an offense not charged in the second instrument.

"2. At any time before entry of a plea of guilty to or commencement of a trial of an information, the district attorney may file with the local criminal court a prosecutor's information charging any offenses supported, pursuant to the standards prescribed in subdivision one of section 100.40, by the allegations of the factual part of the original information and/or any supporting depositions which may accompany it. In such case, the original information is superseded by the prosecutor's information and, upon the defendant's arraignment upon the latter, is deemed dismissed" (CPL 100.50).

■ Subdivision (1) of CPL 100.50 authorizes the People to file "another information" prior to the "entry of a plea of guilty to or commencement of a trial of an information" (CPL 100.50 [1]; *see also* CPL 100.05). Significantly, the statute imposes no restrictions on the type of crimes that may be included in a new information. Since a new crime may be charged, the statute necessarily implies that new facts may be alleged in support of any additional offenses (*see* CPL 100.40 [1] [c]). Notably, nothing in subdivision (2) of CPL 100.50 restricts the People's ability to provide additional factual detail in a new information.

The Legislature's purpose in enacting CPL 100.50 (1) buttresses our conclusion that it is permissible to file a new information charging new offenses and alleging additional facts. Subdivision (1) was added "to establish authority for superseding informations and prosecutor's informations," a subject not addressed in the earlier Code of Criminal Procedure (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 100.50, at 461). The drafters of the Criminal Procedure Law imported the rules regarding superseding indictments into CPL 100.50 (1) by the use of virtually identical statutory

language (*compare* CPL 100.50 [1], *with* CPL 200.80). The Criminal Procedure Law, like its predecessor, recognizes that "a prosecutor has absolute freedom to obtain a new grand jury indictment for replacement of one that is pending, or any count within it" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.80, at 532), "which would presumably—and logically—contain charges not considered or voted upon by the first Grand Jury" based on "additional proof" of criminal activity (*People v Franco*, 86 NY2d 493, 500 [1995]). It therefore follows that the Legislature intended that prosecutors should also be able to issue an information that charges new, joinable crimes premised on factual allegations that were not included in the original information. Indeed, article 170 of the Criminal Procedure Law does not specify that a subsequent information is defective if it charges new crimes or alleges new facts (*see* CPL 170.30, 170.35).

Defendant's remaining contention—that the superseding information charging resisting arrest was defective because it relied on hearsay statements attributed to the victim—also lacks merit. The information was not used to prove that the victim's assertion was true but to demonstrate that there was reasonable cause to arrest defendant (*see generally People v Huertas*, 75 NY2d 487, 492 [1990]; *People v Felder*, 37 NY2d 779, 780-781 [1975]).

Accordingly, the order of the Appellate Term should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order affirmed.