OPINION OF THE COURT
Althea E. Drysdale, J.
The defendant is charged with disorderly conduct (Penal *829 Law § 240.20 [5]) and obstructing governmental administration in the second degree (Penal Law § 195.05). The defendant has moved for dismissal of all counts of the accusatory instrument on the ground that it is facially insufficient. The accusatory instrument alleges that between 7:18 p.m. and 7:20 p.m. on January 25, 2015, at the southwest intersection of 37th Avenue and 89th Street, in Queens, New York, Detective Matthew Maxwell observed the defendant and four other people:
“during a homicide investigation, blocking pedestrian traffic.
“Deponent further states he repeatedly asked the defendant and apprehended others to leave the above mentioned location and that the defendant refused.”
An information is facially sufficient if it contains facts of an evidentiary character providing reasonable cause to believe the defendant committed the offense charged and tending to support every element of the charges and defendant’s commission thereof (see CPL 100.15 [3]; People v Casey, 95 NY2d 354, 359 [2000]). Reliance on a conclusory factual allegation to support any element of a charge will render the accusatory instrument defective and facially insufficient (People v Dumas, 68 NY2d 729 [1986]). The required nonconclusory evidentiary allegations must be contained within the four corners of the instrument itself or in an annexed supporting deposition (People v Thomas, 4 NY3d 143, 146 [2005]). An information which fails to satisfy the above requirements is jurisdictionally defective (CPL 100.40 [1]; People v Dumas, 68 NY2d 729 [1986]). However, the accusatory instrument should be given “a fair and not overly restrictive or technical reading” where the factual allegations prevent a defendant from being tried twice for the same offense (People v Casey, 95 NY2d 354, 360 [2000]).
1. Disorderly Conduct
When faced with a charge of disorderly conduct, the court must ascertain whether there was any actual risk of public harm as a result of a defendant’s actions. It is the public harm element that differentiates the charge of disorderly conduct from other offenses with similar requirements (see People v Fassinger, 42 Misc 3d 407 [2013]).
Penal Law § 240.20 (5) provides that a “person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [h]e obstructs vehicular or pedestrian traffic.” A person acts “recklessly” with respect to a result or circumstance when he or she “is aware of and consciously disregards a *830 substantial and unjustifiable risk that such result will occur or that such circumstance exists” (Penal Law § 15.05 [3]). When determining if a charge of disorderly conduct is facially sufficient, the court should consider: (1) the extent to which defendant’s conduct annoyed others; (2) whether defendant persisted in the conduct after warnings by others or the police; (3) whether defendant’s conduct created at least the risk that disorder might result; and (4) whether defendant’s conduct occurred in a public location (see People v Richardson, 30 Misc 3d 1204[A], 2010 NY Slip Op 52283[U] [2010]).
To sustain a disorderly conduct charge, the information must evidence reasonable cause to believe defendant acted with a conscious objective to cause a public inconvenience, annoyance or alarm or with a conscious disregard of a substantial and unjustifiable risk his conduct would cause such a result (Penal Law §§ 15.05 [1], [3]; 240.20). It is well settled law that a defendant cannot be guilty of disorderly conduct if he did not annoy or disturb anyone (see People v Edmond, 17 Misc 3d 1130[A], 2007 NY Slip Op 52212[U] [Sup Ct, Queens County 2007], citing People v Perry, 265 NY 362, 365 [1934]).
In People v Jones (9 NY3d 259 [2007]), it was alleged that the defendant, along with a number of other individuals, was observed standing, and not moving, on a public sidewalk, and that as a result of this conduct, numerous pedestrians had to walk around the defendant. The Court found these allegations insufficient to support a charge of disorderly conduct under Penal Law § 240.20 (5). Citing People v Carcel (3 NY2d 327, 331 [1957]), the Court noted, “[s]omething more than a mere inconvenience of pedestrians is required to support the charge” (id. at 262). In the instant case the defendant was standing with four other individuals on the sidewalk, was asked to move, and refused. The court finds that these factual allegations do not support, for pleading purposes, the count of disorderly conduct (see People v Coley, 38 Misc 3d 1220[A], 2013 NY Slip Op 50167[U] [Crim Ct, Bronx County 2013]). The People’s attempt to use factual allegations not contained in the accusatory instrument, but instead contained in the “details” section of the arrest paperwork, to persuade this court of the accusatory instrument’s facial sufficiency is improper (see People v Thomas, 4 NY3d 143, 146 [2005]). Accordingly, the count of disorderly conduct under Penal Law § 240.20 (5) is insufficient.
*831 2. Obstructing Governmental Administration in the Second Degree
“A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference” (Penal Law § 195.05). The information alleges that the defendant blocked pedestrian traffic with four others on a sidewalk, blocking pedestrian traffic during a homicide investigation and refused to leave. The court finds such allegations, without more, do not sufficiently allege any attempt or actual obstruction of an official function. Accordingly, the count of obstructing governmental administration in the second degree under Penal Law § 195.05 is insufficient.
Therefore, the defendant’s motion to dismiss the accusatory instrument as facially insufficient is granted. To the extent that the People have remaining speedy trial time, they are granted leave to file a new facially sufficiency instrument.