The People of the State of New York, Respondent,
against
Charles Braine, Appellant.




Jeffrey Lichtman, Esq., for appellant.
District Attorney Richmond County (Morrie I. Kleinbart, Esq.), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J.), rendered April 17, 2015. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree and harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
This case arises from an altercation that occurred late on October 3, 2009 and during the early morning hours of October 4, 2009 at a restaurant in Staten Island. Defendant and a friend engaged in a physical fight with the victim, who was injured and required treatment at a hospital. On appeal, defendant claims that the People improperly filed an amended information and that he was denied his statutory right to a speedy trial.
In an accusatory instrument dated October 4, 2009, defendant and his codefendant were charged with assault in the third degree (Penal Law § 120.00 [1]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). The factual part of the accusatory instrument alleged that a New York City Police Officer was told by the victim that, at about 11:50 p.m. on October 3, 2009, inside 1150 Clove Road in Staten Island:
"the defendants acted together and in concert in that both defendants did repeatedly strike [the victim] with closed fists and both defendants did choke [the victim] about the neck, and that [the codefendant] did bite [the victim] on the arm, causing injuries including but not limited to lacerations and bruising to [the victim's] face and a bruising and a bite mark to [the victim's] arm, as well as substantial pain, annoyance and alarm."
On October 6, 2009, the victim signed a supporting deposition, indicating that he had read the accusatory instrument, "and that the facts therein stated to be on information furnished by myself are true upon my personal knowledge." Thus, the October 4, 2009 accusatory instrument was converted to an information.
On or about March 2, 2012, defendant moved to dismiss the 2009 information on the ground that he had been denied his statutory right to a speedy trial pursuant to CPL 30.30. In a written decision dated May 4, 2012, the Criminal Court denied the motion.
On or about June 20, 2013, the People filed a new information, dated June 18, 2013, which was signed by the victim. The information charged defendant with only attempted assault in the third degree and harassment in the second degree. The factual part of the instrument alleged that, at approximately 11:40 p.m. on October 3, 2009, inside 1150 Clove Road in Staten Island:
"[D]efendants acted together and in concert to cause [the victim] physical injuries in that defendant Braine swung closed fists at [the victim's] head and body and [the codefendant] grabbed [the victim] around the neck and choked [the victim] while defendant Braine used his teeth to bite [the victim's] left bicep. [The victim] further states that said actions caused [him] physical injuries including but not limited to a concussion, a laceration to [his] left bicep, substantial pain to [his] head and arm, annoyance and alarm."
On or about July 9, 2013, defendant moved to dismiss the 2013 information, claiming that the People had violated CPL 100.45 (3) in improperly amending the 2009 information in an attempt to conform the new information to what the victim was going to testify to at trial. In an affirmation in opposition to the motion, the People argued essentially that the 2013 instrument was a superseding information, not an amended information, and that, pursuant to CPL 100.50 and People v Thomas (4 NY3d 143 [2005]), a superseding information may be filed containing new factual allegations, as long as the allegations and charges stem from the same incident.
In a written decision and order dated March 14, 2014, the Criminal Court denied the motion to dismiss, finding "that the second information filed by the People [was] in fact a superseding information." The court stated that
"[t]he primary reason the Court finds that the information in question is a superseding information is because the new filing is sworn to by someone other than the deponent of the first complaint. A different deponent for a new information can, in the court's opinion, only signify that the [2013] information is a new and different instrument. An amendment' of an information can only be accomplished with the permission of the court and by court order (C.P.L. § 100.45 [1]). The court has not and will not order such an amendment . . . . A superseding information on the other hand does not require what is, in essence, the consent of the court; the People have an absolute right pursuant to the statute (C.P.L. § 100.50) to file a new information at anytime [sic] prior to the entry of a plea of guilty or the commencement of trial and . . . a new superseding information may contain new factual allegations to support the charges."
Defendant contends on appeal that the People improperly filed an amended information. In People v Thomas (4 NY3d at 145), the Court of Appeals stated:
"In this case we are asked to decide whether the People may file a new information that alleges additional facts or charges offenses that were not included in a previously filed [*2]information but stem from the same criminal transaction. We hold that the Criminal Procedure Law authorizes the filing of such an accusatory instrument."
CPL 100.50 (1) authorizes the People to file "another information" before the "entry of a plea of guilty to or commencement of a trial of an information." The Court of Appeals elaborated that "the statute imposes no restrictions on the type of crimes that may be included in a new information" (Thomas, 4 NY3d at 147). Defendant was charged in the 2009 information with assault in the third degree, attempted assault in the third degree, and harassment in the second degree. The 2013 information, in effect, dropped the assault charge, while the two other charges remained. Thus, the Criminal Court correctly denied the motion to dismiss the 2013 information.
Defendant further contends on appeal that his speedy trial motion should have been granted.
At the outset, we note that the People announced their readiness for trial on the record at the arraignment on October 14, 2009. The Criminal Court found that only 66 days were chargeable to the People. The following periods of time are at issue:
At a court appearance on May 19, 2010, the People answered not ready and requested a two-week adjournment. The case was adjourned to July 27, 2010. The court charged the People with 14 days of delay. At a court appearance on July 27, 2010, the People answered not ready for trial. The case was adjourned to September 30, 2010. The court indicated that the People would be charged with delay until they filed a certificate of readiness. The People filed an off-calendar certificate of readiness on July 30, 2010. The court charged the People with three days of delay.
At a court appearance on June 14, 2011, the People answered not ready for trial and asked for an adjournment. The case was adjourned to September 7, 2011. While not reflected in the transcript of June 14, 2012, in its decision on the motion, the court indicated that the People had requested a two-week adjournment. The court charged the People with 14 days of delay. On appeal, the People claim that this court is not bound by the People's original position on the motion, and that the 14 days should have been excluded because defendant was not present in court. Defendant's counsel indicated that defendant had been present "the whole morning" but that counsel had told defendant that he could "go" and, thus, defendant had not been present when the case had been called.
At a court appearance on September 7, 2011, the People answered not ready for trial and asked for a one-week adjournment. The case was adjourned to November 1, 2011. The court charged the People with seven days of delay. On appeal, the People claim that defendant's counsel was not present in court, as he was engaged in another court, and, thus, the seven days should have been excluded because defendant was without counsel through no fault of the court.
At a court appearance on November 1, 2011, the People answered not ready for trial and requested a two-week adjournment. The case was adjourned to January 9, 2012. The court charged the People with 14 days of delay. On appeal, the People claim that the 14 days should not have been charged to them because defendant's counsel was not present in court through no fault of the court.
At a court appearance on January 9, 2012, the case was adjourned to February 14, 2012. According to defendant, the People did not ask for a shorter adjournment. Defendant claims that the People should have been charged with 36 days of delay. The transcript does not indicate [*3]whether the court charged the People with any delay regarding this period. The court stated in its decision on the motion that, on November 1, 2011, "the People were not ready and requested two weeks." However, the court did not charge the People with any delay as a result of this adjournment.
At a court appearance on February 14, 2012, the People answered not ready for trial and requested a two-week adjournment. The case was adjourned to March 5, 2012. The court charged the People with 14 days of delay.
Defendant claims that the People were chargeable with 102 days of delay upon the date of his motion (the 66 days charged by the court, and the 36 days between January 9, 2012, and February 14, 2012).
CPL 30.30, "enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial" (People v Sinistaj, 67 NY2d 236, 239 [1986]; see People v Price, 14 NY3d 61, 64 [2010]), requires that the People be ready within 90 days where a defendant is charged with a class A misdemeanor (see CPL 30.30 [1] [b]; People v Brown, 28 NY3d 392, 403 [2016]). Here, the 2009 accusatory instrument charged defendant with a class A misdemeanor. Once a defendant sufficiently alleges that the People were not ready within the statutory period, the People have "the burden of showing their entitlement to a statutory exclusion" (People v Luperon, 85 NY2d 71, 81 [1995]). In his motion, defendant demonstrated that the People were not ready within 90 days. Thus, the People had to establish that there was sufficient excludable time to come within the 90-day period. In this case, the People met that burden.
Even though the prosecutor stated on the record on September 7, 2011 that the People were not ready and asked for a seven-day adjournment, the court improperly charged the People with seven days of delay, as defendant's counsel was not present in court. Similarly, even though the prosecutor stated on the record on November 1, 2011 that the People were not ready and asked for a two-week adjournment, the court improperly charged the People with 14 days of delay, as defendant's counsel was not present in court. It is well settled that where the defendant's counsel is not present in court, an adjournment is not chargeable to the People notwithstanding the People's lack of readiness, where the defendant was without counsel through no fault of the court (see CPL 30.30 [4] [f]; People v Whitley, 68 AD3d 790, 791 [2009]; People v Bahadur, 41 AD3d 239, 240 [2007]; People v Mannino, 306 AD2d 157, 158 [2003]; People v Lassiter, 240 AD2d 293, 294 [1997]; People v Fung, 43 Misc 3d 43, 47 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Even though the People did not raise these arguments in the court below, an appellate court "is not bound by the position originally taken by the prosecution" (People v Thomas, 223 AD2d 610, 611 [1996]).
As the Criminal Court improperly charged the People with 21 days of delay, even assuming that the 36-day period between January 9, 2012 and February 14, 2012 should have been charged to the People, the court correctly denied defendant's speedy trial motion, as, at most, 81 days of delay would be chargeable to the People. Thus, we find that defendant's speedy trial motion was properly denied.
With respect to the speedy trial issues defendant arguably raised in a letter dated August 21, 2013, the Criminal Court never decided those issues, and thus, any such claims are not preserved for appellate review, and should not be reviewed in the interest of justice (see People v Campos, 124 AD3d 434, 435 [2015]).
Accordingly, the judgment of conviction is affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.
Decision Date: April 28, 2017