People v Candida (2021 NY Slip Op 51262(U))

[*1]

People v Candida (Clifford)

2021 NY Slip Op 51262(U) [73 Misc 3d 147(A)]

Decided on December 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : HELEN VOUTSINAS, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2020-911 OR CR

The People of the State of New York,
Respondent,
against
Clifford Candida, Appellant. 

Larkin, Ingrassia, LLP (Michael Collado and John Ingrassia of counsel), for appellant.
Orange County District Attorney (Robert H. Middlemiss of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Newburgh, Orange County
(Richard Clarino, J.), rendered September 1, 2020. The judgment convicted defendant, upon his
plea of guilty, of public lewdness, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with public lewdness (Penal Law § 245.00). It
is alleged therein that the incident occurred on May 14, 2019, around 8:22 p.m., at "SP
NEWBURGH TWAY." The factual portion of the information, as alleged by the complainant,
Trooper Dennis R. Carolan, provides the following:
"On the above-mentioned date, time, and place being the men's bathroom of the
Plattekill Service Area, Town of Newburgh, County of Orange, your defendant did intentionally,
knowingly, and unlawfully expose [himself] and begin masturbating in an open area adjacent to
the urinals in such a position that it allowed for others to readily observe
him."
The trooper further alleged that these factual allegations were based
upon information and belief with the source being a supporting deposition of Michael J. Morgan
which describes an incident that occurred on June 8, 2019, and which also stated that the
individual observed on that date was "who I believe to be a patron from an incident about a
month ago where the patron was masturbating in the bathroom." In a separate information
regarding an incident that occurred on June 8, 2019, defendant was charged with public lewdness
(Penal Law § 245.00) and, in another information also relating to the June 8, 2019 incident,
he was charged with exposure of a person [*2](Penal Law §
245.01). These charges were supported by the identical supporting deposition by Morgan.
Defendant pleaded guilty to the charge of public lewdness stemming from the incident that
occurred on May 14, 2019 in full satisfaction of all of the charges pending against him.
On appeal, defendant contends that the information charging him with public lewdness that
occurred on May 14, 2019, to which he pleaded guilty, is jurisdictionally defective because the
allegations contained therein do not sufficiently plead the "public place" element of Penal Law
§ 245.00 (a). "A person is guilty of public lewdness when he or she intentionally exposes
the private or intimate parts of his or her body in a lewd manner or commits any other lewd act . .
. in a public place." (Penal Law § 245.00 [a]).
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory
instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea
(see People v Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). As defendant did
not expressly waive the right to be prosecuted by information, the charge must be evaluated
under the standards that govern the sufficiency of a charge contained in an information (see People v Hatton, 26 NY3d
364, 368 [2015]; People v
Kalin, 12 NY3d 225, 228 [2009]; see also CPL 100.15, 100.40 [1]).
In order for an information to be facially sufficient, it (and/or any supporting depositions
accompanying it) must allege nonhearsay allegations of fact of an evidentiary character that
establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1]
[c]; People v Jones, 9 NY3d
259, 261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v
Alejandro, 70 NY2d 133 [1987]). The failure to meet the above requirements is jurisdictional
and can be asserted at any time (see People v Casey, 95 NY2d at 363; People v
Alejandro, 70 NY2d at 135), with the exception of the nonhearsay requirement which,
insofar as is relevant to this appeal, is waived upon a guilty plea (see People v Keizer,
100 NY2d 114 [2003]). While the law does not require that the accusatory instrument contain the
most precise words or phrases most clearly expressing the charges, the offense and factual bases
therefor must be sufficiently alleged (see People v Konieczny, 2 NY3d at 575). "So long
as the factual allegations of an information give an accused notice sufficient to prepare a defense
and are adequately detailed to prevent a defendant from being tried twice for the same offense,
they should be given a fair and not overly restrictive or technical reading" (People v
Casey, 95 NY2d at 360; see People
v Ocasio, 28 NY3d 178, 180 [2016]; People v Smalls, 26 NY3d 1064, 1066-1067 [2015]; People v
Konieczny, 2 NY3d at 575).
Here, it is alleged within the four corners of the information (see People v Thomas, 4 NY3d 143
[2005]) involving the May 14, 2019 incident that it occurred in a men's restroom located inside
of the Plattekill Service Area at the "SP NEWBURGH TWAY" and that defendant was standing
adjacent to urinals where "others could readily observe him." These allegations were sufficient to
support an inference (see People v
Esposito, 33 NY3d 1016 [2019]) that the incident occurred in a "public place" for
purposes of Penal Law § 245.00 (a) (see People v Reynoso, 77 AD3d 528 [2010]), as it was a location
where the presence of a member of the public would come as no surprise (see People v
McNamara, 78 NY2d 626, 633 [1991]) and "lewd acts committed there can, and likely
would, be seen by the casual passerby" (id. at 633-6[*3]34). Additionally, the factual portion of the information clearly
alleges that defendant committed a lewd act (see Penal Law § 245.00 [a]; People v Conde, 46 Misc 3d
142[A], 2015 NY Slip Op 50172[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015];
see also People v Lopez, 63 Misc 3d
164[A], 2019 NY Slip Op 50941[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
[2019]). Thus, the information, standing alone, is legally sufficient.
Accordingly, the judgment of conviction is affirmed.
VOUTSINAS, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2021