People v Gomez-Gutierrez (2025 NY Slip Op 50485(U))

[*1]

People v Gomez-Gutierrez (Darvin)

2025 NY Slip Op 50485(U)

Decided on April 3, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 3, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2024-177 S CR

The People of the State of New York, Appellant,
against
Darvin Gomez-Gutierrez, Respondent. 

Suffolk County District Attorney (Alfred Croce and Marion Tang of counsel), for appellant.
Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of Southampton, Suffolk County (Karen Sartain, J.), dated August 26, 2023. The order, upon renewal, granted the branch of defendant's motion seeking to dismiss the accusatory instrument as facially insufficient, and dismissed the accusatory instrument.

ORDERED that the order is reversed, on the law, upon renewal, the branch of defendant's motion seeking to dismiss the accusatory instrument as facially insufficient is denied and the accusatory instrument is reinstated.
Defendant was charged in an information with aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]) and a supporting deposition was filed. In addition to other relief requested, defendant moved to dismiss the accusatory instrument, contending that it was facially insufficient as it failed to provide nonhearsay factual allegations which established, if true, that he had operated the vehicle that he was allegedly seen sleeping in while it was parked on the on-ramp from one state road to another. The People opposed the motion and, in an order dated January 6, 2023, the Justice Court (Karen Sartain, J.) denied this branch of defendant's motion.
Following a Huntley hearing, defense counsel orally requested to renew the branch of defendant's motion to dismiss the accusatory instrument on facial insufficiency grounds based upon testimony elicited at the hearing. Over the People's objection that the motion was beyond [*2]the scope of the hearing, the Justice Court (Karen Sartain, J.), in an order dated August 26, 2023, granted defendant's "renewed motion to dismiss for facial insufficiency" based upon the following:
"As the hearing was conducted . . . a clearer picture of this encounter began to coalesce. . . . after completion of the hearing, wherein the court took copious notes and listened to both officers intently, along with research into cases cited by both the People and the defendant, the court reverses itself and finds that both misdemeanor driving while intoxicated informations are facially insufficient. There are no non-hearsay factual allegations as to the defendant's operation of the motor vehicle, which is required to establish the crimes charged."
On appeal, the People contend that the Justice Court committed reversible error when it dismissed the accusatory instrument for facial insufficiency based upon testimony elicited during the Huntley hearing.
Although a motion to dismiss must be made in writing and upon reasonable notice to the People (see CPL 170.45, 210.45 [1]), this procedural issue has been waived since the People did not object to the renewed motion on these grounds in the Justice Court (see People v Mezon, 80 NY2d 155, 159-160 [1992]; People v Jennings, 69 NY2d 103, 113 [1986]; People v Luna, 83 Misc 3d 62 [App Term, 2d Dept, 9th & 10th Jud Dists 2024]; People v McDowdell, 78 Misc 3d 133[A], 2023 NY Slip Op 50449[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]).
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). To be facially sufficient, an information must allege facts of an "evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]; see CPL 100.40 [1] [a]), provide reasonable cause to believe that defendant committed the offense charged (see CPL 100.40 [1] [b]), and must contain "[n]on-hearsay allegations" which "establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]; see People v Slade, 37 NY3d 127, 136 [2021]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see People v Konieczny, 2 NY3d 569, 575 [2004]). When evaluating the sufficiency of an accusatory instrument, a court is " 'not [to] look beyond its four corners (including supporting declarations appended thereto)' " (Slade, 37 NY3d at 136-137, quoting People v Hardy, 35 NY3d 466, 475 [2020]; see CPL 100.15 [3]; 100.40 [1] [c]; People v Thomas, 4 NY3d 143, 146 [2005]).
Here, in examining the facial sufficiency of the accusatory instrument and dismissing it, the Justice Court admittedly relied upon testimony elicited at the Huntley hearing. Thus, as the People correctly contend, the court impermissibly looked beyond the four corners of the accusatory instrument (see Slade, 37 NY3d at 137; Hardy, 35 NY3d at 475; Thomas, 4 NY3d at 146; Konieczny, 2 NY3d at 576; People v Destine, 78 Misc 3d 135[A], 2023 NY Slip Op 50463[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]).
Both of the counts charged in the information require the People to allege that defendant was operating a motor vehicle, i.e., the element of operation(see Vehicle and Traffic Law § 1192 [*3][2-a], [3]). A person is considered to be "operat[ing] a motor vehicle" pursuant to Vehicle and Traffic Law § 1192 even if the vehicle is not moving, where the driver is at the wheel with the engine running (see People v Prescott, 95 NY2d 655, 662 [2001]; People v Alamo, 34 NY2d 453, 458 [1974]; People v Garcia, 61 Misc 3d 14, 18 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Cross, 52 Misc 3d 133[A], 2016 NY Slip Op 51011[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Here, the information, together with the supporting deposition, alleges that, on a certain date and time, a park ranger observed defendant sleeping in the driver's seat of a motor vehicle that was parked and that, when the park ranger attempted to communicate with defendant, defendant woke up and started the engine of the vehicle. These allegations sufficiently established, if true, the element of operation. Consequently, the Justice Court erred in dismissing the information.
Accordingly, the order is reversed, upon renewal, the branch of defendant's motion seeking to dismiss the accusatory instrument as facially insufficient is denied and the accusatory instrument is reinstated.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 3, 2025