People v Mitchell (2025 NY Slip Op 51901(U))

[*1]

People v Mitchell

2025 NY Slip Op 51901(U)

Decided on December 3, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 3, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
James Mitchell, Defendant.

Docket No. CR-016727-25KN

Prosecution: Kings County District Attorney's Office by ADA Laura Mirabent
Defendant: The Legal Aid Society by Francis Grail-Bingham, esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that the accusatory instrument is facially insufficient, rendering the Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is DENIED.
BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a felony complaint charging Burglary in the Second Degree and related offenses on April 7, 2025 (PL §140.25[1][b]).[FN1]
On May 30, the parties appeared in Part DV1, where the Prosecution moved to dismiss all counts on the original accusatory instrument and add one count of Criminal Contempt in the Second Degree (PL §215.50[3]). They also served and filed a purported Superseding Information (SSI).[FN2]
Defendant objected on the grounds that the factual allegations and charges were entirely different from the original accusatory instrument. The Court set a motion schedule for Defendant to challenge the SSI, with Defendant's motion due June 13 and the Prosecution's response due July 3. On August 5, the Court called the case in Part DV1; Defendant did not appear, and the Court issued and stayed a [*2]bench warrant. On August 12, the parties appeared in Part DV1, where the Court vacated the bench warrant and adjourned for the Prosecution's Certificate of Compliance (COC) and SOR. On August 28, the Prosecution served and filed their COC and SOR. On September 4, the parties appeared in Part DV1, where the Court ordered Defendant to file any COC challenges and a reciprocal COC by October 2. Defendant filed the instant motion on October 1.
Defendant argues that the accusatory instrument is jurisdictionally invalid, as it contains hearsay and relies upon a now sealed order of protection (OOP). Moreover, Defendant argues that there is no mechanism for the Prosecution to serve a superseding complaint, as he argues happened here. Under the circumstances, Defendant argues that the SOR is illusory.
The Prosecution argues that the accusatory instrument is an information, as all the hearsay has been properly converted by the deponent's own observations and the Department of Motor Vehicles (DMV) records upon which the deponent relied to confirm the information. They further argue that the OOP was in effect at the time the alleged incident occurred and that they obtained a certified copy before it was sealed. The Prosecution also points out that the accusatory instrument filed on May 30 is based upon the same course of conduct as the original complaint filed on April 7. Finally, they argue that Defendant's motion is untimely.

RELEVANT LAW

A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]). To be deemed facially sufficient, a misdemeanor information must contain non-hearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offenses charged and, if true, the allegations must establish every element of each offense (see People v Alejandro, 70 NY2d 133, 137 [1987]; CPL §100.40[1]). The court must assume that the factual allegations are true and must consider all reasonable inferences that may be drawn from the allegations (CPL §100.15; Alejandro, 70 NY2d at 135; People v Henderson, 92 NY2d 677 [1999]).
Facial sufficiency is determined by reviewing the factual portion of the accusatory instrument in conjunction with any supporting depositions; this analysis is strictly limited to the four corners of the document (People Thomas, 4 NY3d 143 [2005]). Except when consensually waived, a misdemeanor complaint must be replaced by an information and the defendant must be arraigned thereon (CPL §170.65[1]). Where an accusatory instrument is facially insufficient, it must be amended rather than dismissed if the defect can be so cured and the prosecution moves to so amend (CPL §170.35[1][a]; People v Nuccio, 78 NY2d 102 [1991]; People v Osgood, 52 NY2d 37 [1980]).
"A person is guilty of criminal contempt in the second degree when he engages in . . . intentional disobedience or resistance to the lawful process or other mandate of a court except in cases growing out of labor disputes as defined by subdivision two of Judiciary Law §753-A" (PL §215.50[3]).
Pursuant to CPL §30.30(7)(c), where a defendant is charged with a felony complaint that is later reduced to a misdemeanor complaint, the prosecution must declare trial readiness within ninety days from the date the misdemeanor complaint is filed, so long as the aggregate period has not exceeded six months. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the [*3]court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

ANALYSIS

The SSI makes the following factual allegations: "The deponent states that, at the above time and place, which is a residential building, the deponent observed the defendant in close proximity to and arguing with a female individual. The deponent further states that deponent learned from said female individual that the name of said female individual is [DR] and that [DR]'s date of birth is [redacted]. The deponent further observed the official Department of Motor Vehicles Record(s), which bore the image and liveness (sic) of the above mentioned female individual and the name [DR]. The deponent further states that the above described conduct by the defendant was in violation of a Kings County Criminal Court Order of Protection issued by the Honorable Dale Fong-Frederick on 02/23/2025 in Part APAR3A under docket no. CR-008868-25KN, in effect until 08/28/2025 and order the defendant to stay away from [DR], the (sic) stay away from the home of [DR], to refrain from communication with [DR], to refrain from assault, stalking, harassment, threatening, intimidation or any criminal offense against [DR]. The deponent further states that the deponent's basis for believing that the defendant had knowledge of the above described order of protection is as follows: said order is endorsed 'defendant present in court,' 'defendant advised in court of issuance and contents of order,' and 'order personally served on defendant in court.'"
Defendant's main contention is that this accusatory instrument is not an information because it contains hearsay. Indeed, it is undisputed that one specific line from the SSI would be hearsay on its own: "the deponent further states that deponent learned from said female individual that the name of said female individual is [DR] and that [DR]'s date of birth is [redacted]." However, the Court agrees with the Prosecution that, although the deponent initially relied upon hearsay information, the hearsay issue is cured by the DMV record and the deponent's reliance thereupon. By reviewing the DMV record containing the complainant's name, pedigree information, and photograph, the deponent ascertained firsthand knowledge sufficient to make an identification of the complainant for pleading purposes. Whether the identification is reliable enough for a conviction is a question for further litigation, not a pleading issue. The Court disagrees with Defendant's argument that the SSI must explicitly state that the DMV record provided is the very same which the deponent reviewed; the Court finds that the factual pleading in conjunction with the document itself is enough to clear the facial sufficiency hurdle. 
The second facet of Defendant's hearsay argument hinges on the now-sealed OOP. In general, CPL §160.50 prohibits the use of records related to sealed matters and strictly limits the conditions under which such records may be unsealed. However, as the Prosecution astutely notes, they make no such unsealing motion here and obtained a certified copy of the OOP while it was still active, prior to sealing. The certified copy of the OOP therein became part of the record in this matter, as it was necessary to cure the hearsay in the SSI and as part of automatic discovery under CPL §245.20(1). In other words, the certified copy of the OOP in this case is not a record from a sealed case, but rather a record from this open matter. The Court finds that its introduction into the record of the instant matter is sufficient to convert the SSI to an information and does not conflict with CPL §160.50.
The last pivotal issue before the Court is whether the original felony complaint may be replaced by the SSI at all. The factual allegations and charges in the felony complaint are entirely distinct from those of the SSI. Most crucially, the felony complaint makes no mention whatsoever of an OOP, much less its violation.
The factual portion of the original felony complaint reads: "The deponent is informed by [the complainant] that, at the above time and place, the informant observed that (sic) the defendant pick the lock to the informant's apartment using a credit card and enter the informant's apartment and that the defendant punched the informant about the face with a closed fist. The deponent is further informed by the informant that the above described actions caused informant to suffer a laceration about the eye, to suffer substantial pain, to fear physical injury and to become alarmed and annoyed. The deponent is further informed by the informant that informant is the custodian of the above-described dwelling and that the defendant did not have permission or authority to enter or remain unlawfully therein."
The Prosecution paints in broad strokes, arguing that the course of conduct from which both sets of charges arise is the same: Defendant's close proximity to the complainant, specifically by virtue of going to her residence, underlies the original burglary and assault charges as well as the new contempt charge. It follows, they argue, that CPL §180.50, which governs reductions from felony to misdemeanor charges, provides the necessary statutory guidance. They admit that their failure to include information about the then-active OOP was a mistake but argue that they are permitted to add it to the SSI to support the new charge.
Pursuant to CPL §180.50, "whether or not the defendant waives a hearing upon the felony complaint, the local criminal court may, upon consent of the district attorney, make inquiry for the purpose of determining whether (1) the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony, and (b) if so, whether the charge should, in the manner prescribed by subdivision three, be reduced from one for a felony to one for a non-felony offense. Upon such inquiry, the court may question any person who it believes may possess information relevant to the matter, including the defendant if he wishes to be questioned" (CPL §180.50[1]). The statute continues, in relevant part, "if after such inquiry, the court is satisfied that there is reasonable cause to believe that the defendant committed an offense other than a felony, it may order the indicated reduction as follows: (a) if there is not reasonable cause to believe that the defendant committed a felony in addition to the non-felony offense in question, the court may as a matter of right order a reduction of the charge to one for the non-felony offense" (CPL §180.50[2][a]).
This statute is designed to solve a particular problem: felony charges are levied against a defendant, but the complaint itself and surrounding circumstances indicate that the felony charge [*4]is inappropriate, and some lesser grade offense ought to be pursued instead. Essentially, CPL §180.50 seeks to remedy the issue of overcharging, providing an avenue to identify lesser charges lodged in a felony complaint. This is plainly not the situation here: nothing in the felony complaint indicates that a misdemeanor charge of Criminal Contempt in the Second Degree would be more appropriate charge than the felonies originally presented (PL §215.50[3]). Moreover, there is no reasonable argument that Criminal Contempt in the Second degree is a lesser included offense of any of the original felony charges, as none implicate the violation of an existing court mandate (CPL §200.20).
The Prosecution further contends that under People v Thomas, 4 NY3d 143 (2005), replacement with the SSI is proper, including the new facts and offense. Per the Thomas court, "Subdivision (1) of CPL 100.50 authorizes the People to file 'another information' prior to the 'entry of a plea of guilty to or commencement of a trial on an information (CPL 100.50[1]; see also CPL 100.05). Significantly, the statute imposes no restrictions on the types of crimes that may be included in the new information. Since a new crime may be charged, the statute necessarily implies that new facts may be alleged in support of additional offenses (see CPL 100.40[1][c]). . . . It therefore follows that the Legislature intended that prosecutors should also be able to issue an information that charges new, joinable crimes premised on factual allegations that were not included in the original information" (Thomas, 4 NY3d at 174). However, this is inapplicable because the Prosecution did not seek to replace an information with the SSI; they attempted to replace an unconverted complaint.
The Court finds that CPL §170.65 provides the appropriate guidance under the circumstances. When the Prosecution moved and the Court so dismissed the felony counts on the record, the accusatory instrument became a misdemeanor complaint. Although CPL §170.65 generally permits the prosecution to replace a misdemeanor complaint with an information, this is restricted by subdivision 2: "An information which replaces a misdemeanor complaint need not charge the same offense or offenses, but at least one count thereof must charge the commission by the defendant of an offense based upon conduct which was the subject of the misdemeanor complaint. In addition, the information may, subject to the rules of joinder, charge any other offense which the factual allegations thereof or of any supporting depositions accompanying it are legally sufficient to support, even though such offense is not based upon conduct which was the subject of the misdemeanor complaint."
Thus, the essential questions are, first, whether any of the conduct underlying the SSI was the subject of the original complaint, and second, whether the new charge in the SSI is joinable with the offenses in the original complaint. As to the first part of the inquiry, the Court agrees with the Prosecution: the fact of Defendant's proximity to DR at her home is, itself, the overlapping conduct; this conduct is essential to the charges in both accusatory instruments. On the latter half of the inquiry, offenses are joinable when they are part of the same criminal transaction (CPL §200.20[2][a]). Multiple acts are part of the same criminal transaction when they are "so closely related and connected in point of time and circumstances of commission as to constitute a single criminal incident" (CPL §40.10[2]). Here, the incidents described in the original complaint and SSI are alleged to have occurred at approximately the same time, same location, and between the same two parties. The Court finds that they are joinable, as parts of the same criminal transaction. Taken together, the Court finds that the SSI conforms to the requirements of CPL §170.65 and properly replaces the original complaint. 
Finally, the Court finds that the Prosecution's assertion of untimeliness is wholly [*5]unfounded. As Defendant correctly argues, "a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]). It is not the Court's prerogative to impose a time limit on such a challenge.
This case commenced with the filing of a felony complaint on April 7, 2025. The felony charges were dismissed, and the complaint was replaced by a misdemeanor information on May 30, fifty-three days later; this reset the speedy trial clock (CPL §30.30[7][c]). The Prosecution filed their COC and SOR on August 28, 2025, stopping the speedy trial clock with ninety days of includable time.

CONCLUSION

The Prosecution is charged ninety days of speedy trial time. Because they have not exceeded the statutorily permitted period, Defendant's motion to dismiss is denied (CPL §30.30[7][c]).
This constitutes the decision and order of the Court.
Dated: December 3, 2025
Brooklyn, NY
Hon. Joshua Glick

Footnotes

Footnote 1:The full list of offenses charged in the original complaint are as follows: two counts of Burglary in the Second Degree (PL §§ 140.25[1][b] and [2]), Burglary in the Third Degree (PL §140.20, Assault in the Third Degree (PL §120.00[1]), Criminal Trespass in the Second Degree (PL §140.15[1]), Attempted Assault in the Third Degree (PL §110/120.00[1]), Criminal Trespass in the Third Degree (PL §140.10[a]), Trespass (PL §140.05), and Harassment in the Second Degree (PL §240.26[1]).

Footnote 2:The SSI charged only one offense, a single count of Criminal Contempt in the Second Degree (PL §215.50[3]).