People v Chandler (2026 NY Slip Op 50126(U))

[*1]

People v Chandler

2026 NY Slip Op 50126(U)

Decided on February 6, 2026

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 6, 2026
Justice Court of the Town of Webster, Monroe County

The People of the State of New York

againstGregory W. Chandler, Defendant.

Case No. 25110055

Brian P. Green, District Attorney, Monroe County (Bradley Baldwin of Counsel), for plaintiff. 
Frank G. Maggio, Rochester, for defendant.

Thomas J. DiSalvo, J.

History of the Case.The defendant herein was charged with common law driving while intoxicated, VTL § 1192 (3) and driving while intoxicated, per se [FN1]
, VTL 1192 (2) . The said offenses were alleged to have been committed on November 9, 2025 at just after midnight on South Avenue in the Village of Webster. The accusatory instruments consisted of two simplified traffic informations, a fill in the blank supporting deposition and a breath test supporting deposition. An arraignment was conducted on the return date of December 3, 2025. At that time defense counsel requested an adjournment so he could file motions. Omnibus motions were received on December 12, 2025. Argument of motions took place on January 21, 2026. Said motions requested that the accusatory instruments herein be dismissed as being insufficient on their face pursuant to CPL §§ 170.3 (1) (a), 100.40 (1) and 100.15. In addition, defendant's motion requested that the People be precluded from using statements made by the defendant to the Webster Police because the CPL § 710.30 notice failed to give the defense proper notice of the statements of the defendant they intended to use at trial. It was also requested that the evidence obtained by the police be suppressed because the police did not have probable cause to stop and/or arrest the defendant.

Facts of the Case.
The uniform traffic informations served on the defendant complied with CPL §§ 100.10 (2) (a) and 100.25 (1). Accompanied with said traffic informations is a document labeled "Supporting Deposition/Bill of Particulars", which is a document requiring the arresting officer to fill in the blanks and to black out various squares that describe what the officer observed. It indicated that the conditions were "dry" the traffic was "light" and the weather was "clear/dark". [*2]The reason for the stop was a "crash" and "property damage". The vehicle operation was established by the "officers's direct observation". Probable cause was determined to be based on the "odor of alcoholic beverage", "glassy eyes", "impaired speech" and "impaired motor coordination" all of which was set out by the blackening of the boxes in said section of the supporting deposition. Furthermore, in said section designated "Probable Cause for Arrest", the officer indicated that the defendant performed field tests and also indicated that "Note Card Attached". However, no such note card was made a part of the deposition. The said supporting deposition went on to indicate that oral admissions were made but did not specify what was allegedly said by the defendant. Instead the reader is directed to "See Section 11", which is in the CPL § 710.30 Notice. It was indicated that no preliminary breath test was performed, but that there was no refusal to submit to same by the defendant. Other than the fact that a breath test was subsequently performed by another officer, no other information relative to the condition of the defendant was provided by the supporting deposition.
A second police officer executed the breath test supporting deposition. In said deposition it was stated that on November 9, 2025 at 1:43 A.M. he administered a breath chemical analysis which rendered a finding of .16%. It further stated that the arresting officer observed the administration of said test. In the observation portion of said deposition the officer described the defendant as having "poor coordination, bloodshot watery eyes, alcohol beverage odor".

Legal Analysis.
Legal Sufficiency - Common Law Driving While Intoxicated. Vehicle and Traffic Law Section 1192 (3) states "No person shall operate a motor vehicle while in an intoxicated condition." An accusatory instrument charging a defendant with common law driving while intoxicated must provide reasonable cause to believe three specific elements. Namely, the accusatory instruments must allege that the defendant operated a motor vehicle; that the defendant was intoxicated and that the operation and intoxication were simultaneous.[FN2]
In order to make a determination of sufficiency, the court must be aware of the standard established by the Court of Appeals which stated "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading". (People v. Casey, 95 NY2d 354, 360, 717 N.Y.S. 2d 88, 91 [2000])
However, in this case there is no allegation that the defendant was sitting behind the steering wheel of his vehicle or that the motor was running. In fact, the officer did not check the boxes indicating that the defendant was at the wheel; that keys were in the ignition; that the engine was running or that the engine was warm. Instead he checked the box that stated "the defendant was near the vehicle". Such a recitation of the facts observed by the officer does not establish the first element of common law driving while intoxicated, namely that of operation.
"The term "operation" has a very specific meaning under the Vehicle and Traffic Law. It is undisputed that the definition of the term 'operate' as defined in DWI statutes is broader [*3]than that of driving and that '[a] person operates a motor vehicle within the meaning of the [statute] when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle.' People v. Alamo, 34 NY2d 453, 459 (1974) quoting Matter of Prudhomme v. Hults, 27 AD2d 234, 237 (3d Dept.1967). Therefore, "criminal liability under section 1192 can attach to conduct dangerously close to driving, as long as that conduct occurs upon locations covered by the statute." People v. Prescott, 95 NY2d 655, 662 (2001)." People v. Lekram, 57 Misc 3d 1220 [A], 2017 NY Slip Op. 51562 [U] *3)Nevertheless, the court in Lekram dismissed the accusatory instrument charging the defendant with common law driving while intoxicated. It held that"the sole allegations pertinent to the element of operation are that the defendant was seen sitting behind the wheel of his car in an intoxicated condition with a remote key in his pocket. This Court finds that the allegation that the motor vehicle was operating is conclusory and therefore is not 'a fact of an evidentiary character' (CPL § 100.15[3]; see also, People v. Dreyden, 15 NY3d 100 [2010]; Dumas, 68 NY2d 729) which supports an element of the offense charged, namely vehicular operation. 'The phrase factual allegations of an evidentiary character' means nonconclusory descriptions of what the deponent personally observed, heard or experienced.' People v. Concepcion, 36 Misc 3d 551, 553 (Crim Ct, NY County 2012) citing Dumas, supra. '[W]here the fact at issue is a conclusion that derives solely from another fact or facts that have not been alleged, that fact is a conclusory allegation ....'"[FN3]
See also, People v. Lawrence, 55 Misc 3d 1209 [A], 2017 NY Slip Op. 50474[U] 2017. In that case the court dismissed the accusatory instrument where
"the sole allegations pertinent to the element of operation are that the defendant was seen sitting alone in the driver's seat of his car while intoxicated. There are no allegations that the engine was running, that the key was in the ignition, nor even that the defendant was in possession of the keys to his car. Standing alone, the facts alleged are insufficient to find it reasonably likely that the defendant was operating his car at the time of the charged offenses...."[FN4]
In People v. Kaminiski, 143 Misc 3d 1089, 542 N.Y.S 3d 923 [1989] the court found the that accusatory instruments charging the defendant with common law and per se driving while intoxicated insufficient pursuant to CPL §§ 170.;30, 170.35 and 100.40 In that case the supporting deposition of the arresting officer indicated that she "observed defendant standing near a 1982 Mercury. Deponent further states that she is informed by defendant that defendant [*4]was operating the above-mentioned car when a tow truck had collided with defendant's car."[FN5]
The court found that the admission of the defendant as to operation could not be used since it would violate the corroboration requirements of CPL. § 60.50. [FN6]
As a result, the court further held that the fact that the defendant was found next to his vehicle in what appeared to be an intoxicated state was insufficient "'to suggest the commission of [a] crime'"[FN7]

In this case the admissions made by the defendant are not set out in the supporting deposition of the arresting officer. As stated previously, the deposition merely states "See Section 11", which is in the 710.30 Notice. That document is not a local criminal court accusatory instrument. Thus the admissions set forth therein cannot be considered by the court in determining the sufficiency of the misdemeanor information consisting of the uniform traffic information and the officer's supporting deposition. The Court of Appeals has held
"As we recently reiterated,'in evaluating the sufficiency of an accusatory instrument,' a court does 'not look beyond its four corners (including supporting declarations appended thereto)' (People v. Hardy, 35 NY3d 466, 475, 132 N.Y.S.3d 394, 157 N.E.3d 117 [2020]; see CPL 100.15[3]; 100.40[1][c]; People v. Thomas, 4 NY3d 143, 146, 791 N.Y.S.2d 68, 824 N.E.2d 499 [2005]). Courts must 'not rely on external factors to create jurisdictional defects not evident from the face of the' accusatory instrument (People v. Konieczny, 2 NY3d 569, 576, 780 N.Y.S.2d 546, 813 N.E.2d 626 [2004]). Instead, '[w]hether the allegation of an element of an offense is hearsay, rendering the information defective, is to be determined on a facial reading of the accusatory instrument' (Casey, 95 NY2d at 361, 717 N.Y.S.2d 88, 740 N.E.2d 233)." (People v. Slade, 37 NY3d 127, 136-137, 148 N.Y.S3d 413,419-420 [2021])In accordance with the cases cited herein, the statement that operation was established by the "Officer's Direct Observation" cannot be sustained, when the defendant was merely seen "near the vehicle".The fact that the defendant was near the vehicle, without any other information, does not provide the reasonable cause requirement of CPL 100.40 (1) (b) that " The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information." In addition, CPL § 100.40 (1) (c) requires that "Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof." That is not the case herein. As was held in Lekran, " there are no factual allegations regarding the position or location of the car or other surrounding circumstances that would allow the Court to reasonably infer the defendant operated his car while he was [*5]intoxicated."[FN8]
In other words there are no non-hearsay allegations in the factual part of the the information that establish the required element of operation. The allegations in the accusatory instrument are simply conclusory in nature.Legal Sufficiency- Driving While Intoxicated, Per Se. Vehicle and Traffic Law Section 1192 (2) states as follows:
"No person shall operate a motor vehicle while such person has .08 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article."As previously stated, the accusatory instruments herein charging the defendant with driving while intoxicated, per se, consist of the uniform traffic information, the fill in the blank supporting deposition and the supporting deposition breath test administration, which set out the chemical analysis to be .16%. Said deposition is supported by an original certified breath test certificate. Nevertheless, as with common law driving while intoxicated, the accusatory instruments must satisfy CPL§§ 100.40 (1) (b) and 100.40 (1) ( c), relative to the providing reasonable cause to believe the defendant was operating a vehicle in an intoxicated state and to providing non- hearsay allegations of said operation. For the same reasons set forth above, the accusatory instruments fail to provide prime facie proof of said operation relative to the per se charge of driving while intoxicated.

Conclusion.
The defendant's motions to dismiss the accusatory instruments charging the defendant with violating VTL §§ 1192 (3) and 1192(2) as being insufficient on their face pursuant to CPL §§ 170.3 (1) (a), 100.40 (1) and 100.15 are hereby granted. As a result, the remaining motions raised in the defendant's omnibus motions need not be addressed at this time. This constitutes the decision and order of this court.
Dated: February 6, 2026Webster, New YorkHon. Thomas J. DiSalvoWebster Town Justice

Footnotes

Footnote 1:(Per se is defined as "being such inherently, clearly, or as a matter of law". Merriam-Webster's Collegiate Dictionary, 924 [11th ed 2014])

Footnote 2:(See Gerstenzang, Handling a DWI Case in New York § 16;32 at 817 [2025-2026 ed] )

Footnote 3:(Id.)

Footnote 4:(Id. at *3)

Footnote 5:(Id. at 1089,924) 

Footnote 6:(Id. at 1093,.926) 

Footnote 7:(Id. at 1094,927) 

Footnote 8:(Id. at *4)